Please step up and identify yourselves. Since we've got so many attorneys, I've got to know who's actually going to argue. Good morning, Your Honor. Patrick J. Brugeri, Litchfield-Petravo, and James Pervini are doing the hearing on behalf of the appellants. Good morning, Your Honor. William McGuire, on behalf of the City of Chicago. I'll be arguing on behalf of all defendants today. Okay. What was the second name you gave me? Pervini, F-A-B-B-R-I. Okay, thank you. Thank you. And I think you were here during the other one, but just as I say, if there are a lot of questions, we'll give you as much leeway as we can. Thank you, Your Honor. Thank you. Proceed. May it please the Court, counsels, I'm representing the plaintiff appellants in this matter. There are too numerous to mention, but the lead plaintiff is Margaret Feigl. We're here, Judge, on a 2619 dismissal that was entered by the Honorable Sophia Paul a couple of years ago. And the trial court essentially found that plaintiffs failed to give notice in compliance with Section 11-13-8 of the municipal code, and therefore the case is dismissed. Counsel, why don't we let the 800-pound gorilla out at this juncture rather than have it sit and moan over us? The luck of the draw has given you the author of dumb luck on this panel, and I think it has to be addressed. And the Condo Association. And its follow-up. That doesn't mean that sitting up here makes us omniscient or necessarily forever steadfast once we give a ruling. Because he and I usually never agree. But it's something that was given that we gave thought to several times and saw no reason to change. So I think we might want to get into that. Sure. Dunlap, I think, we're comparing apples and oranges. Dunlap obviously didn't file a property order to the city of Chicago, and it didn't file Section 8. It did involve 25, but I would say peripherally at best, because remember the lawsuit Dunlap has brought pursuant to 11-15, which basically says that if the village or municipality is not enforcing its zoning laws, you can sue the landlord, not the village. Notice requirements of the preceding ordinances were not rejected or eliminated by the enactment of 25. I believe they were judged by virtue of fact. I'm not saying you're going to say that, but I think Dunlap would say that. Well, I don't think the issue was briefed or raised. I think that Section 25 basically sets out its own hesitation. Well, if it doesn't in that sense, if it doesn't substitute for 11 or 15 for that matter, but simply clarifies as it postures itself in these opinions, then the survival of the notice requirements under the earlier provision would be very plausible. You have to remember back in 1961 when they enacted Section 8, Section 8 doesn't have a statute of limitations. Therefore, one could attack a zoning ordinance five years after it was enacted, because it's my belief, and I believe the law would support me, that the five-year catch-all statute of limitations would apply. There was no statute of limitations in the municipal code with respect to this type of litigation. Now there is, at least as of 2006 there has been. The enactment of that, now you have a 90-day window, and that applies across the board. Certainly the legislature, if it chose to do so, could have put notice requirements for all municipalities or just the City of Chicago had chosen not to do so. And we have a 90-day window now, not five years. Under this circumstance, I believe Section 8 has been implicitly, I think, repealed by Section 25. I can't cite any explicit language, but the fact is that in 1961 you could basically file a lawsuit in Chicago complaining about a certain zoning enactment and argue within five years. Well, five years, a lot of things happen. People move, people change their addresses, etc. So there is, the legislature can see, yes, there is a need for a notice requirement of this type under that circumstance. However, where there is a 90-day window, where you are basically attacking something that was enacted 90 days earlier, the person who went in and got that amendment obviously had to give you notice. The problem with that argument is that it is a legislation issue, and one has to ultimately determine whether 25 chose to deal with that factor or whether it's still left intact. Eight, and your reasons, there may be valid reasons for changing that position, but it's for the legislature to do so. Well, I think the two are in conflict. I think this is the more recent enactment, and we're talking a period of 45 years here. So you're saying it's superseded? I believe it's superseded, because there was no limitations period other than the catch-all, as I read it. That would be the five-year that applies to everything that isn't specifically listed under the limitations chapter. And that certainly applies. Well, it seems that we've read the thrust of 25 to be the change in the standard of review and the elimination of the dichotomy between administrative adjudications and legislative enactments to the extent that the standard of review would be different. But that's all. I think they meant to streamline the whole process. And if you look at Representative Mathis' comments, he specifically says that. He specifically mentions the plight of the landowner who finds out about this three days before or finds out afterwards that the zoning's been changed. That person is stuck with the old record. And I think they meant to streamline it. And, again, if it was their intention simply to overrule or, I should say, nullify the Supreme Court's decision in Clarence, why do you add the 90-day limitations period? It doesn't make sense. Unless the idea is for once and for all, let's have one uniform system of law to apply to these zoning challenges so people aren't left guessing. And I think that is the tenor of what Representative Mathis said. And, you know, if we go back to millennium, where a lot of this started, this is the case that Judge Hall relied on. What Judge Hall relied on was DICTA. The whole legislative history, you know, Justice O'Malley talked about that in his decision, but he turns around and he says, Well, by the way, yeah, the legislative history's here and the judge looked at it, but this statute is unambiguous. There should not have been any resort to it. Insofar as it governs the Supreme Court opinion, you know that it's the Supreme Court opinion in the absence of a ratio of this identity being explicit. The DICTA has to be followed. This has come from the Second District. I understand, but I haven't seen the rule that would differentiate the power of the dictum or the DICTA with respect to inferior court. I know the dictum of the Supreme Court binds us, and it may very well be that the dictum of the appellate court may bind the trial court. But what ultimately Justice O'Malley concluded was that the statute was unambiguous and therefore what the trial court considered in connection with legislative history was irrelevant. And it was irrelevant in our view for purposes of Millennium. And let's remember Millennium was dealing with Lake County as opposed to the city of Chicago. There was no notice issued there. So I think that it's, I don't want to use the term, it's a bit of a stretch, but I think that we're reading too much into Millennium to suggest that the sole reason why 25 was enacted was to simply clarify or nullify, I should say, the Clarion decision. Have you given us a shift in gears for a moment? If we were at this point to entertain argument for the first time on the initial legislation, the first ordinance, would there be some reason at this time to eliminate the necessity of giving notice to the neighbors? Yes. What would that be? We're talking about a 90-day time frame that is set for a specific class of zoning decisions. It's very specific. But you have that problem of the 88th day in any event. I've seen that in your brief. But you face that problem no matter how long an interval is provided for the filing of the action. Late discovery will result in that dilemma. Well, 90 days is 90 days, and it doesn't require you basically to... Well, why wouldn't the neighbors be entitled, if you were promoting this to the legislature, if you were the lobbyist, how would you talk them out of the necessity to notify the neighbors before you make the change? Well, essentially what you're doing, you're filing a lawsuit, which is a matter of public record, and also you're doing so within a very limited window of time as opposed to three years or five years down the road, which could have occurred under the old scheme, under that set forth under Section 8, because, again, there was no... ...challenging that determination. But initially those neighbors would have a right to challenge the fact that changes are made impacting on their property interest without any notification at all to them and without giving them an opportunity to speak. So what would be the rationale for 25 at this point to come along and say, we don't believe you have to give notice to neighbors any longer, so in our clarification we're going to eliminate that? Because this particular provision concerns changes to existing law. Someone comes in and asks for an amendment to the zoning ordinance, as did the Children's Museum, the City of Chicago, and the other defendants. So they have to give notice because you're moving to change something. It's quite another thing if you're going to challenge that same decision within a limited period of time, 90 days or less. So the people already have notice of the change. The fact that there are lawsuits filed, that is a matter of public record. But the idea that someone is going to go before the zoning board and there's going to be a meeting two weeks later, chances are no one's going to know about that. A lawsuit, on the other hand, and I'm not trying to be snide here, but they tend to hang around a little longer than your average zoning matter. It's noticed up, there's a hearing, a decision is made. Your argument is basically one, it's a policy argument, and we're really, it's probably off course here because I'm posturing this as a presentation to the legislature. But you're basically, in your argument, telling us that there is no efficacy at all in providing notice to neighbors when you make zoning changes that are going to impact on their property interest. It's a hard one to swallow. Well, not when you look at the other 92 counties, or 91 counties in the state, don't seem to have to have that requirement. Well, maybe in a small town the buzz gets around quicker. That could be. But you could say that about Schaumburg, too. Schaumburg is large, and Naperville is large, and Rockford. These are all large cities. I think that the legislature, in its wisdom, decided to set up one established method for moving forward with respect to challenging a very limited set of zoning decisions. I want to point out, with respect to the condominium decision that you referred to or alluded to, the decision itself concerns, I guess notice was not an issue in that case. However, it is implied in the decision that the plaintiffs were bringing a claim under Section 1113-25. I'm not saying the court was asked to deal with that issue, because I think the Condominium Association basically dealt with the landmarks decision and the fact that a city violates an ordinance or procedure, it doesn't rise to a level of a constitutional violation. However, there is at page, I believe, 48, language to the effect that the IPD ordinance remains subject to rational basis review, despite the fact that the plaintiffs have brought a claim under Section 1113-25. I don't know if the court was implicitly recognizing 1113-25 as a vehicle for doing that, but it is our position that 1113-25 precisely does that, contrary to what the defense would say. If you look at the legislative history, although I just suggested maybe you shouldn't in certain respects, it's obvious that the legislature is trying to come up with one streamlined system for challenging zoning decisions. And 1113-25 is that vehicle. The notion that Section 8 is controlling or that a declaratory action is the sole means by which a zoning decision or zoning enactment may be challenged is not and has not been the law. As we pointed out in our brief, there's the Cupsick case going back to, I believe, 1963 or 4. There's the LaSalle case and the Cosmopolitan National Bank case. Each of those cases stand for the proposition that declaratory relief is not the sole means by which zoning enactment can be challenged. And, in fact, you have, as we pointed out earlier, 1115, which allows... It's the most expedient means, though, is it not? And may start out as one theory of action and ultimately devolve into a declaratory action by the very nature of the litigation. But statute talks about certain type of enactments being subject to de novo review. And I think the plain language of the statute suggests we have a right to seek that. And this is a separate issue, obviously, from the notice. But I believe the judge erred. And in doing so, she relied entirely on millennium. And millennium doesn't stand for that proposition. And I don't think Dunlap does either. Dunlap basically says you can't use Section 25 as a means of expanding your right of action under Section 15. We don't take issue with that. That's a very limited cause of action, and it certainly is not designed to be asserted against the municipality. Except when one makes the assertion that you can't use something in some manner. You have to look at the underlying reason for that. The underlying reason why you can't use it is because it presumes that it does not legislatively not intended to change anything other than the standard of review. But 1115, though, had nothing to do with the standard of review. 1115 basically sued the wrong party. 1115, as you know, you bring against your neighbor because your neighbor basically put up a smelter or something in the backyard without getting permission. And the city hasn't done anything about it. But you can't name the city as a party. And you can't use 25 as a means of bringing a private right of action. Right. You can't use 25 as a means of bringing the city in as a defendant. And we don't disagree with that. Obviously, you've got tort immunity issues because you can't sue a municipality for failing to enforce a law, at least for money damages. We know that. Our view is that Dunlap does not undermine our position at all. And the same can be said of condominium association cases. Condominium association cases, again, dealt with the landmarks issue. Here, as I read it, I know maybe it's dicta, to use a well-worn phrase, but the court does acknowledge that the suit was brought under Section 25. If the court felt that Section 25 somehow could not be used as such a vehicle, I believe the court would have said so. But I don't want to read too much into it, obviously. But we believe the two statutes conflict. Section 8 is obviously repugnant to Section 25 because Section 25 says you have 90 days, that's it, period. No such restriction existed back in 1961 when Section 8 was enacted. For that reason, Your Honors, we believe that Section 25 controls and Section 8 basically falls by the wayside. And with respect to going back to Millennium for a moment, it's important to realize that I don't even think the appellee filed a brief in that case. We're talking about two certified questions that have absolutely nothing to do with this current lawsuit. And I think the trial court went a bridge too far when it determined that language from that decision would act as a bar to our lawsuit. Since the notice issue wasn't even mentioned, referred to, or even alluded to. The ordinance or statute in question involved counties as opposed to cities. And as I said earlier, there's no indication that that's what prompted the court to make this decision. The court based its decision on the plain language of the statute itself as opposed to the legislative history. Unless there are any other questions, I'll yield. Good morning again and may it please the Court. This Court should affirm the Circuit Court's dismissal of plaintiffs' amended complaint because plaintiffs did not provide written notice of their lawsuit as required under Illinois law. In their amended complaint, plaintiffs asked the Circuit Court to declare invalid the zoning ordinance amending the plan development governing Grant Park. Illinois law requires the plaintiff seeking to invalidate a zoning ordinance by means of a declaratory judgment to provide written notice of that lawsuit to all property owners within 250 feet of the subject property. Unless 25 changed that. And, Your Honor, Section 25 did not change it. We submit. Section 25 does not repeal Section 8. There is no express language of repeal and there certainly is no repugnance in reading Section 8 and Section 25 together. But 25 doesn't simply deal with the legislative standard, with the judicial standard of review insofar as it adds a time limitation for bringing the lawsuit. That's more than clarification, isn't it? And if it's more than clarification, at what point will we consider the boundaries of 25 in its relationship to 8? It's not spelled out, is it? Let me start by saying first that, you're right, the first part of Section 25 does clarify the standard of review that the court is to apply to zoning decisions. The second part does create a statute of limitations of 90 days within which to challenge a zoning decision. Which is more than clarification, is it not? It creates a statute of limitations period of 90 days. I know, but it's not simply a clarification of 8 because if 8 doesn't have a boundary, then 8 is subject to legally imposed boundaries that exist when the statute itself doesn't provide one, which was 5 years, right? I believe it was 5 years. So there was a change that superseded 8. Now how do we limit 25 simply to that change? Section 25 and Section 8 can be read together. Again, Section 25 creates a statute of limitations period of 90 days. Section 8 requires that notice be given before the suit is filed, but not more than 30 days before the suit is filed. That is the window within which to give the notice. Therefore, a plaintiff seeking to challenge a zoning ordinance can certainly comply with both Section 8 and Section 25 at the same time. Indeed, a plaintiff could provide the notice. But it can't comply with both at the same time if you construe the failure to provide a limitations period as providing a limitations period that would ordinarily apply, I guess, under the statute of statutes of limitations. That would then step in to the breach and provide the 5-year period of limitations. All Section 25 did was to establish what a new statute of limitations period would be for challenging a zoning ordinance. Section 8 can still be complied with within the time period set forth by the Illinois legislature of 90 days. And because compliance with both is possible, this Court should follow the rules of statutory construction. In other words, a narrowing of 8 would pass through 25 since it would not be in violation to file the lawsuit in a lesser time. But I don't think that's the perspective that we have to be looking at. We have to look at the perspective of the litigant who comes on the 91st day. And at that point, we're telling him that you can't rely on 8. You now have to rely on 25. I don't believe that's the case, Your Honor, and here's why. Again, Section 25 creates a statute of limitations period the plaintiff must file within the 90 days. In order to file within 90 days, the plaintiff must comply with Section 8, which can be done the morning the plaintiff files the lawsuit, if he so chooses. So the two can be read harmoniously. All Section 25 did was clarify a shorter statute of limitations period for challenging a zoning decision. It did not in any way say that Section 8 doesn't apply or that the plaintiff doesn't have to comply with it. They just have a shorter period of time with which to comply. They don't have five years with which to bring the suit. They only have the 90 days to bring the suit. And in this instance, plaintiffs actually brought a declaratory judgment action seeking to invalidate the zoning ordinance. As this Court recognized in Hanna and in City Suites, compliance with Section 8 is mandatory. Failure to comply with the requirements of Section 8 subjects the suit to dismissal under 2619. Plaintiffs have conceded that they did not provide the notice required by Section 8. They make two arguments as to why their failure to comply with Section 8 should be excused, but neither excuses their failure to comply. Incidentally, why was 615 not the vehicle for dismissal? Wasn't it pled in the same manner that the evidence came up? Your Honor, this particular notice issue, we filed it 269.1. The notice issue was raised under 2619 because that's what happened in Hanna and City Suites. The Court said that it was dismissal under 2619. And what we did, Your Honor, is we supplied the Court with evidence. Section 8 requires a plaintiff to file with the clerk of the Court at the time the suit is filed proof that notice was given. And that proof is spelled out in Section 7. And that constitutes an admission of the implicitly you have to admit the truth of the allegations in the complaint when you're seeking a 619 dismissal based on an affirmative defense. But why couldn't that have been handled under 615? If they pled, what did they plead under 615 with respect to the time of the filing of their action? Wouldn't they have had to plead their compliance with the limitations period? I don't think you have to plead compliance with limitations, but I think the fact that the suit is initiated within the time period is sufficient. Nor do they have to plead compliance with Section 8 in their complaint. But Section 8 specifically requires you have to provide proof to the Circuit Court clerk and file that with the clerk that you complied with Section 8. And Section 7 spells out what that proof is. That's why we brought that in as a 2619, because we relied on something outside of the four corners of the complaint. And that's what the Court did in City Suites and in Hanna. Plaintiffs in their original complaint asked the Circuit Court to declare the zoning ordinance invalid. Defendants moved to dismiss that complaint for failure to comply with Section 8. In response, plaintiffs amended their complaint. They did one thing. They changed declare to find. We submit that in doing so they are still seeking a declaratory judgment. Declare and find are simply synonymous terms. As a result, by asking for a finding, plaintiffs were actually seeking a declaratory judgment and therefore brought themselves within the requirements of Section 8. Their failure to comply with Section 8 requires dismissal of their complaint, which the Circuit Court correctly did. Plaintiffs' next argument is that they didn't have to comply with the notice requirements of Section 8 because they didn't bring a declaratory judgment action, but instead brought an action under Section 25. At the outset, plaintiffs' argument fails because notice is required under Section 8. If declaratory relief is sought, it's not bound by the nature of the claim. So regardless of the nature of the claim, if it's declaratory relief, you have to provide the notice. This argument also fails because Section 25 does not require notice. But Section 25 must be read in conjunction with Section 8. Section 25 does not express the repeal of Section 8. And Section 25 and Section 8 can be read together. And because there's no repugnance, they should be. Incidentally, is it clear that the filing of notice is a condition precedence under 8 so that it can't be cured by filing notice after a suit is filed unless you show prejudice? Section 8, you can't cure it? You cannot cure it, Your Honor. The plain language of Section 8 says that notice shall be given, quote, not more than 30 days before filing suit for declaratory judgment. You have to file it before you file suit. And if you don't do it before you file suit, it cannot be cured. Are there any decisions that have come down on that that you're aware of? I don't mean to put you in a spot, but are you aware in your memory that there are some? If there are, you might just cure that with a submission of the exact citation. I'm only aware of one case, Your Honor, in which the court discussed whether this could be cured. And that is the Hanna case cited in our brief. And in Hanna, where there are multiple claims involved, not just one sole claim that we have here, the appellate I happen to know about Hanna because I think I concurred. I believe you did, Your Honor. And as Your Honor is aware, the court decided that on remand, if the plaintiff wished to again seek declaratory relief in addition to his injunctive claims, that he should be allowed an opportunity to provide notice. And with respect, we submit that the language of Section 8 dictates otherwise. It says before filing suit, not on an amended complaint, before filing suit. And basically a condition precedes. Correct. You have to comply with Section 8 before you file the lawsuit. And with respect to Section 25, this court clearly held in Dunlap, Commonwealth Plaza, and Millennium Maintenance, that Section 25 does not authorize or create an independent cause of action for a de novo judicial review. And there is no reason for this court to depart from those decisions. Of course, those decisions did not deal with the notice provision. No, they did not, Your Honor. But those cases do recognize that Section 25 was enacted as a direct response to the Supreme Court's decision in Claren. And in Claren, the Supreme Court held that when a municipality conducts a hearing on a special use permit application, that municipality is acting in an administrative or a quasi-judicial manner. Claren significantly altered the landscape of how circuit courts reviewed zoning decisions. It created a dichotomy. If you were coming in on a special use permit application, you were reviewed on administrative review. In other words, what was in the record is what the circuit court reviews. Period. That's all. Whereas every other zoning decision was reviewed as a legislative decision, meaning that the circuit court afforded proper deference to the legislative decision, but at the same time allows parties to bring in relevant additional evidence in support of their claims. The Illinois legislature was concerned with the municipal body's ability to conduct special use hearings, which conforms to the heightened level of scrutiny expected in administrative hearings. They wanted to reverse this. They wanted to make sure that all zoning decisions were heard as legislative decisions. Against this backdrop, this Court held in Dunlap and in Commonwealth Plaza, and again in Millennium Maintenance, that the plain language of Section 25, but in there the legislature defined every special use, variance, rezoning, or other amendment to a zoning ordinance as a legislative act, rather than as an administrative act for purposes of review. And this just makes plain sense. Before Section 25 was enacted, if a plaintiff believed that his or her procedural or substantive due process rights were violated, he could bring a claim under the Illinois Constitution for that. Section 25 doesn't change that. It doesn't supersede that. The claim lies under the Constitution. Likewise, if you had a non-home rule municipality, who is bound by state statute in enacting zoning ordinances, if a plaintiff believed that the municipality violated that state statute, the claim would lie under the state statute, not under Section 25. Indeed, Section 25 doesn't have a substantive component. A zoning ordinance is not invalid because it violates Section 25. There's no language in Section 25 which would support that kind of a finding. As a result, this Court should reject plaintiff's contention that Section 25 creates an independent cause of action, which excuses their failure to comply with Section 8. I'd also like to address appellant's contention that Section 25 and Section 8 can't be read together. We've already touched on it a little bit, but I would like to just say that plaintiffs are masters of their complaint. They are charged with knowing the law. The requirements of Section 8 are clear and unambiguous. Therefore, a plaintiff coming to court should know those requirements and be able to comply with them. Moreover, compliance with Section 8 and Section 25 is- Does he have to know the law to the extent that he has to assume that it hasn't been superseded by 25? Where there is a disparity in the language and in the provisions of the two ordinances? Your Honor, we submit there is no disparity in the language. There is no express repeal of Section 8 by Section 25. Well, wouldn't you call the fact that one includes a limitations period and the other doesn't as a disparity? Is an omission not a disparity? The fact that the Illinois legislature put the limitations period in Section 25 does not mean they had to amend Section 8 to include it there as well. They simply put the limitations period in Section 25 expecting that- But it doesn't coincide with the limitations period that was interposed in under 8. Again, Section 8 is not a- It's different. Section 8 is not a limitations period. It just provides a window within which to provide the notice. The limitations period is Section 25. But if 8 does not provide a statute of limitations for filing the lawsuit, that's an omitted provision, which invites other provisions to operate to provide that limitations period, which has been established as five years. So there is a disparity. And why would the ordinary citizen, who be presumed to know that they're to be read in pari materias, if there is no disparity? Your Honor, it's a tenet of law that citizens are presumed to know the law. But that begs the question, because the question first is, what is the law? Which is what we- You can't say that his presumptive knowledge of the law establishes the law of which he's supposed to have presumptive knowledge. In other words, it's not an argument in this case to say that he's presumed to know the law. Well, Section 25 is clear and unambiguous in its limitations period. The two can be read together, and they should be read together. And that certainly is not this case, in which there's no evidence in the record that plaintiffs made any effort to provide notice under Section 8. And indeed, plaintiffs have been represented by counsel, and counsel should know the law on this. Defendants raise alternative grounds for affirmance of the Circuit Court's dismissal of the amendment complaint. But if there are no further questions, we'll rest on our brief for those arguments. And if there are no further questions, we respect the request that the Circuit Court affirm the judgment of the Circuit Court. Thank you. Well, as far as these alternative grounds, those were brought pursuant to Section 2-615. And as we all know, had the Court reached that and decided the case was part of that basis, as opposed to deciding the notice issue, we certainly would have been allowed at least two, three, or four more times to file an amendment pleading. And there's never been any determination of the trial. Only if the Court would recognize that it could be pure. Right. And I'm not going to dwell on it because my opponent did not, but it is our position that an enactment which basically flies in the face of at least three or four Supreme Court decisions where injunctions were upheld is not rational. And we're not talking about the city complying with an ordinance here, as in the Landmarks case, but the city following state law, just as the rest of us are supposed to do. So the 2-615 motion is not well taken. It basically argues facts as opposed to showing that there's no set of facts that could be pledged wherein we could prevail. So that's how I'll address that. This statute, Section 25, is unambiguous and clear. A number of courts have come to that conclusion. Nevertheless, the defense sees the need to resort to the legislative history. We can all agree that people are presumed to know the law, not the legislative history. And the statute itself talks about certain types of zoning decisions being subject to de novo judicial review. Not de novo review, but de novo judicial review. And that statute stands for the proposition that these enactments, which are limited in scope, will be subject to this type of review, irrespective of what Section 8 says. And the fact that the legislature grafted or inserted this limitations provision onto the statute shows that they're basically sweeping away the prior enactments and saying, this is how it will be done in each of the 92 counties in Illinois, including Cook County, including the city of Chicago. It's presumed that the legislature would have known about Section 8, and if it felt the need to insert a notice provision in this new statutory regimen, they certainly know how to do that. They did not do that. So Section 25 is controlling. And it does clash and it is repugnant to Section 8, because Section 8, while certainly is not consistent with the tenor of Dunlap, and might I say it's a progeny of those, and is inconsistent with the holding in the Hanna case. Well, Hanna was decided in 2002, four years before Section 25 was enacted. So Hanna really, I think, has a limited utility in this setting. It probably has no utility, because the game was changed significantly in 2006 by the legislature. And the plaintiffs abided by the law as it was enacted in 2006, not a law that was superseded and a law that was enacted some 47 years before they filed their lawsuit. I think that you cannot expect, you cannot read these two statutes together, because someone can comply with the letter of Section 25, file it on the second day, file his lawsuit two days after the legislative decision is made, and be out of luck, and it can't be cured. It can't be cured. Counsel said as much. So in other words, the statute of limitations isn't controlling here. It's Section 8 that's controlling. So basically a notice provision takes precedence over a statute of limitations. And I think, again, we have a later enactment here. And under this circumstance, Section 8 has to give way to Section 25. Are the plaintiffs in this action all of the neighbors who would have been entitled to notice? There are a significant portion of them, yes. Can another suit be filed? I don't believe so because of the 90-day provision. And I think if this decision is upheld. But that doesn't seek declaratory relief? Well, I mean, I might be getting ahead of myself. But certainly it would not apply to the government. I think everyone would agree that it would not apply to an action for injunction. Frankly, none of our business at this point in time. But I'm curious. I don't think the city would argue. I hope they're not going to argue, and I hope the Children's Museum is not going to argue that Section 8 applies to injunction because it clearly doesn't. And that's been the law since about 1965, I think. So I think that the whole point is if you include Section 8 as part of the requirements, the statute of limitations no longer has any real meaning. It's basically been gutted. Because it is the notice provision that controls not that 90-day statute of limitations that the legislature explicitly established. And council stated that the Condo Association case stands with the proposition that Section 25 does not provide a vehicle for reviewing a zoning enactment. I read the decision. I can't find that language in there. And the same can be said of Dunlap. Dunlap was decided under a very limited circumstance. And Millennium, not even close. Millennium was talking about a county enactment, Lake County. So it didn't even deal with a property located in Cook County. At this point, I think that the enactment of Section 25 created a new mechanism whereby these decisions can be challenged. It's a limited set of decisions. It makes things simple for everybody, including the municipality, because they're not going to have to defend something four years down the road or three years down the road. If there's a challenge to a particular enactment, it's in the here and now when everyone's mind is fresh and when everyone's recollection is fresh. And when you have the same individuals, for the most part, serving as trustees or zoning commissioners or whatever, they want to streamline this process and make sure it moves quickly. But the casualty of that reading, even if it were plausible, and I'm not commenting on that right now, would be to cut the neighbors out of notice when a suit of this nature is filed, which would be a shift in the legislative policy considerations regarding entitlements of the neighbors who live within that prescribed radius. Well, this addresses changes in existing laws. In other words, where the existing law has changed, you have to come in and challenge that change or that amendment or rescission or whatever you want to call it within a 90-day period so the neighbors already have notice of the fact that the amendment to the zoning ordinance is taking place, which is exactly what happened here. These people got notice of the change sought by the city and the Children's Museum. But in order to challenge that, they have a 90-day window and that's it. The 91st day, it's too late. So the idea that the notice is there. You've received the notice with respect to the new enactment and the 90-day provision basically ensures that these claims won't turn into stale claims. Three years later, someone's going to raise their hand and say, this never should have happened, I'm filing a lawsuit. I think that is what the intent of the legislature is. I think that is plainly read from the face of the statute. I don't think there is a need to resort to any type of review of the legislative history, and Justice O'Malley has included as much. The statute says what it means, and we ask that you apply the statute as it's written, apply it as reasonable people would, and that is that there's a 90-day statute of limitations and that supersedes Section 8, and that is the window that a litigant has to file a lawsuit under these circumstances. Unless there are any questions. Thank you. Thank you. Your arguments were well done.